UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TABITHA GRIFFITHS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARTWELL STAFFING SERVICES, INC.,<br><br>        Defendant. | CASE NO. 3:19-CV-5635-RJB-DWC<br><br>ORDER ON MOTION TO COMPEL |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Tabitha Griffiths' Motion to Compel Discovery and Sanctions. Dkt. 11. After considering the relevant record, the Motion (Dkt. 11) is denied.

**I.    Background**

Defendant Chartwell Staffing Services, Inc. removed this action from Pierce County Superior Court on July 11, 2019. *See* Dkt. 1. On September 26, 2019, Plaintiff served her first set of discovery requests on Defendant ("discovery requests"). Dkt. 12, Emens Dec., ¶ 2. Responses to the discovery requests were due October 28, 2019. *Id*. Defendant's counsel, David Silke, requested, and Plaintiff's counsel, Rachel Emens, agreed to, several extensions of time to

respond to the discovery requests. *See id*. at ¶¶ 3-5. Defendant's response to the discovery requests was due by December 3, 2019. *See id*. at ¶ 5. Plaintiff did not receive a response on December 3, 2019 and Ms. Emens contacted Mr. Silke on December 4, 2019. *Id*. at ¶ 6. Mr. Silke responded stating he had been out of town and requested until December 13, 2019 to respond to the discovery requests. *Id*. at ¶ 6. Ms. Emens agreed. *Id*.

On December 13, 2019, Mr. Silke again contacted Ms. Emens and said the responses would be sent Monday, December 16, 2019. Dkt. 12, Emens Dec., ¶ 7, Ex. 1. After not receiving responses on December 16, Ms. Emens contacted Mr. Silke, who requested a discovery conference call. Dkt. 12, Ex. 1. On December 17, 2019, in response to Mr. Silke's request for a call, Jason Rittereiser, another attorney representing Plaintiff, sent an email documenting the extensions and stated:

> If discovery is not produced to us in full by the close of business tomorrow, we will file a motion to compel and seek sanctions including our fees. Based on this record, the Court is likely to award our fees.

*Id*. at 8. Mr. Rittereiser continued, "[i]f you would like to discuss this, you may call my direct line today between 2 – 3p." *Id*. at 3. Mr. Silke responded to Mr. Rittereiser's e-mail the next day stating he had been unavailable during the time identified by Mr. Rittereiser, but provided additional availability for a call. Dkt. 12, Ex. 1 at 2.

On December 31, 2019, Mr. Rittereiser again emailed Mr. Silke stating the discovery responses were eleven days past the last requested extension. Dkt. 12, Ex. 1 at 1. Mr. Rittereiser stated there was nothing to discuss, but he would be available by phone because Mr. Silke requested a call. *Id*. Mr. Silke responded on January 7, 2020, explaining that he had been out of town and that his partner, Derek Bishop, would call to discuss the discovery responses. *Id*.

Plaintiff's counsel "intended to hold a meet and confer call as . . . was requested by defense counsel." Dkt. 12, Emens Dec., ¶ 13. However, Plaintiff's counsel received a voicemail on January 7, 2020, the date the Motion was filed, from defense counsel stating he hoped to respond to discovery by the end of the week or early part of next week. *Id*. "As a result, it was clear to [Plaintiff's counsel] that a further conference would not be productive." *Id*.

On January 7, 2020, Plaintiff filed the Motion. On January 21 and January 22, Defendant responded to the discovery requests. Dkt. 13, 14, 15.

## II. Discussion

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*.

Here, Defendant has provided responses to Plaintiff's discovery requests. *See* Dkt. 13, 14, 15. Therefore, Plaintiff has received the relief requested in the Motion. In her Reply, Plaintiff argues the discovery responses are inadequate. *See* Dkt. 16, 17. However, there is no evidence the parties have met and conferred regarding Defendant's responses to the discovery requests. Therefore, Plaintiff's Motion (Dkt. 11) should be denied. Plaintiff may file a renewed motion to compel regarding Defendant's responses to the discovery requests, if necessary, after meeting and conferring in good faith with Defendant. *See Jafari v. F.D.I.C.*, 2014 WL 7176460, at *4 (S.D. Cal. Dec. 5, 2014) (denying a motion to compel where the relief sought in the motion – discovery responses – were provided after the motion was filed and finding disputes raised for the first time in the reply were not properly before the Court, nor had the parties conferred regarding the issues raised in the reply).

### III. Caution to Counsel

While the Court finds the Motion should be denied as Defendant has responded to the discovery requests, the Court cautions the counsel as follows:

While the Court understands scheduling conflicts, the Court cautions defense counsel that a pattern of ignoring deadlines and objecting overbroadly to basic discovery requests is unacceptable and may result in sanctions.

The Court also reminds Plaintiff's counsel of the Court's expectations for compliance with the meet and confer requirements. To satisfy the meet and confer requirements, counsel must *in good faith* confer or attempt to confer by telephone or in person regarding the discovery dispute. Here, while the Defendant's repeated delays in responding presented frustrations to Plaintiff, there is evidence Plaintiff's counsel did not adequately attempt to meet and confer by telephone. Rather, after a few narrowly drawn offers to discuss the discovery matters by phone,

Plaintiff's counsel confirmed that they received a voicemail from defense counsel and decided they did not think a meet and confer conference would be beneficial. This does not meet this Court's meet and confer requirements.

**IV.     Fees and Sanctions**

As the Motion is denied and the parties did not confer by telephone regarding this discovery dispute, Plaintiff's request for attorneys' fees and costs associated with bringing the Motion and request for sanctions is denied.

**V.     Conclusion**

For the above reasons, Plaintiff's Motion (Dkt. 11) is denied.

Dated this 5th day of February, 2020.

David W. Christel
United States Magistrate Judge